UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL GUARACA-TIPAN,

                Petitioner,

    v.

TODD BLANCHE, Acting Attorney General
of the United States of America;
MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security; TODD M.
LYONS, Acting Director, United States
Immigration and Customs Enforcement; and
WARDEN, Metropolitan Detention Center
Brooklyn,

                Respondents.

**MEMORANDUM & ORDER**
26-CV-4532 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On July 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner

Jose Manual Guaraca-Tipan in Spring Valley, New York, while he was on his way to work.

Petitioner was ultimately transferred to the Metropolitan Detention Center in Brooklyn

("MDC"), where he remains detained. He now seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2241. ECF No. 1 ("Petition").[1] For the reasons that follow, his Petition is

GRANTED.

**BACKGROUND**

Petitioner is a citizen of Ecuador who entered the United States without inspection on or

about July 31, 2021, at or near Roma, Texas, and, although ICE processed a Notice to Appear

("NTA") on that date, it was never received by border agents. *See id.* ¶¶ 18–19; ECF No. 6-1 at

---

[1]    Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

4. Several months later, on December 23, 2021, an Immigration Judge terminated the case against Petitioner for failure to prosecute. *See* ECF No. 6-1 at 4. Following his arrival, Petitioner established residence and has worked full-time as a construction worker in Spring Valley, New York. *See* ECF No. 1 ¶¶ 20–21. While on his way to work on the morning of July 2, 2026, Petitioner was arrested by ICE officers during a vehicle stop. *See id.* ¶ 22. The government does not claim that Petitioner is a flight risk or danger to the community and Petitioner has no criminal history in the United States. *See id.* ¶¶ 23–34; ECF No. 6; ECF No. 7 at 4.

On July 27, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. ECF No. 1. The same day, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, and why it should not be ordered to immediately release Petitioner from detention, in light of the Second Circuit's holding in *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026). *See* July 27, 2026, Text Order. The Court also directed the government to address whether Petitioner is being detained pursuant to 8 U.S.C. § 1225 (mandatory detention) or § 1226 (discretionary detention with bond eligibility). *See id.* The Court further directed that if the government's position is that Petitioner was initially detained under Section 1225 and is now properly detained under Section 1226, the government must explain why such a theory is proper in light of Judge Reyes's decision in *Pastrana-Beltran v. Mullin*, No. 26-cv-2657, 2026 WL 1398609 (E.D.N.Y. May 19, 2026), and if the government's position is that Petitioner was and continues to be properly detained under Section 1226, it must explain why the Petition should not be granted given this Court's decision in *Quille v. Blanche*, No. 26-cv-2818, 2026 WL 1453889 (E.D.N.Y. May 22, 2026). *See* July 27, 2026, Text Order.

The government filed its response on August 3, 2026, where it notes that "8 U.S.C. § 1225(b)(2)(A) is the applicable detention authority here," but concedes that *Cunha*, "which is controlling in this Circuit, likely counsels treating Petitioner as subject to 8 U.S.C. § 1226(a)." *See* ECF No. 6 at 3 ("Response").  Petitioner filed his reply a day later.  *See* ECF No. 7.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law."  *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025).  A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'"  *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)).  "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention."  *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

Particularly relevant here is the Second Circuit's recent decision in *Cunha*, 175 F.4th 61.  There, the Circuit held that Section 1226(a), not Section 1225(b)(2)(A), "plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."  *Id.* at 73.

**DISCUSSION**

In the instant petition, Petitioner seeks a writ of habeas corpus based on a violation of the Due Process Clause of the Fifth Amendment, among other claims.[2] *See* ECF No. 1 ¶¶ 28–34.

In response, the government concedes that controlling Circuit Court precedent "likely counsels treating Petitioner as subject to 8 U.S.C. § 1226(a)." ECF No. 6 at 3. The Court agrees with that concession. The result of this case is therefore the same as that in several rulings made by the courts in this District that have rejected the government's attempts, following the Second Circuit's decision in *Cunha*, to apply Section 1225 to noncitizens who, like Petitioner, are already in the country and have been for several years. *See, e.g.*, *Robles Escalona v. Warden*, No. 26-cv-3920, 2026 WL 2018505 (E.D.N.Y. July 13, 2026); *Zapata Diosa v. Warden*, No. 26-cv-4068, 2026 WL 2056253 (E.D.N.Y. July 16, 2026); *R.M.R. v. Genalo*, No 26-cv-4358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026). *Cunha* also reaffirmed this Court's reasoning in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026).[3] For these reasons, the Court concludes that Petitioner is currently being detained pursuant to Section 1226. Before the government may exercise its discretion to detain a noncitizen under Section 1226(a), ICE must make "an initial custody determination . . . that entails an assessment of whether he can demonstrate that he is neither a danger to persons or property, nor a flight risk." *Pastrana-*

---

[2]    The Court need not address Petitioner's other claims, given its conclusion that Petitioner's detention under 8 U.S.C. § 1225 violates the Due Process Clause of the Fifth Amendment.

[3]    In the interest of judicial economy, the Court does not repeat the legal discussions and analyses from those cases in this Order but instead incorporates same by reference herein.

*Beltran*, 2026 WL 1398609, at \*2 (citing 8 C.F.R. §§ 1003.19(a), (f), 1236.1(d)(1)); *see also*

*Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492–93 (S.D.N.Y 2025) ("[B]efore the

Government may exercise such discretion to detain a person, § 1226(a) and its implementing

regulations require ICE official to make an individualized custody determination."); *Gopie v.*

*Lyons*, No. 25-cv-5229, 2025 WL 3167130, at \*2 (E.D.N.Y. Nov. 13, 2025) (collecting cases).

Because there is no record of Petitioner receiving the individual custody determination that

Section 1226(a) requires, the Court concludes that he is being detained in violation of his rights

to due process under the Fifth Amendment. *See Quille*, 2026 WL 1453889, at \*4; *Cajamarca-*

*Janza v. Soto*, No. 26-cv-3066, 2026 WL 1506777, at \*4 (E.D.N.Y. May 29, 2026).

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of

course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention

of Petitioner, in the face of the controlling law of this Circuit and a failure of process,[4] entitles

him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease

from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he

ha[s] been against law deprived of it.").

## **CONCLUSION**

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the

Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further

directed to certify compliance with the Court's Order by filing a letter on the docket no later than

12:00 p.m. on August 6, 2026.

---

[4]     Because Petitioner was arrested in violation of the Due Process Clause of the Fifth
Amendment, the Court need not address the issues surrounding the timing of the Form I-200
Warrant of Arrest and the Notice to Appear.

The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing by clear and convincing evidence that his detention is authorized under Section 1226(a). *See J.C.G. v. Genalo*, No. 24-cv-08755, 2025 WL 88831, at *7 (S.D.N.Y. Jan. 14, 2025) (collecting cases where courts ordered that the government bear the burden of demonstrating by clear and convincing evidence that discretionary detention was justified). This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements" and return petitioner to "the status quo ante").

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

SO ORDERED.

/s/*Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
August 5, 2026